IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-15-14-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| GARY O'NEAL DRUM, | |
| Defendant. | |

## I. Synopsis

The United States accused Gary O'Neal Drum of violating his conditions of supervised release by 1) admitting to consuming alcohol on July 5, 2017, 2) committing the crime of criminal mischief on July 17, 2017, 3) consuming alcohol on July 17, 2017, 4) committing the crime of disorderly conduct on August 18, 2017, 5) consuming alcohol on August 18, 2017, 6) failing to report for substance abuse evaluation on August 24, 2017, and 7) failing to report for a sex offender evaluation on August 16, 2017. He admitted to the allegations involving alcohol,

but neither admitted nor denied the criminal mischief violation or the disorderly conduct. His supervised release should be revoked, and he should be sentenced to six months in custody, with fifty-four months of supervised release to follow.

## II. Status

On June 23, 2015, United States District Judge Brian Morris sentenced Mr. Drum to thirty-six months in custody, with sixty months of supervised release to follow, after he pleaded guilty to Abusive Sexual Contact Without Permission. (Doc. 23). Mr. Drum began his current term of supervised release on May 25, 2017.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on August 31, 2017, accusing Mr. Drum of violating the conditions of his supervised release by admitting to his sex offender treatment provider on July 5, 2017 that he had been consuming alcohol. Additionally, the Petition alleges that Mr. Drum was arrested on July 17, 2017 for criminal mischief after law enforcement officers apprehended Mr. Drum after receiving a report of individuals breaking an air conditioner out of a window of a tribal building. The Petition also states that Mr. Drum provided a breath sample on July 17, 2017 with a BAC of 0.157. The Petition further alleges that on August 18, 2017, Mr. Drum was

arrested for disorderly conduct after officers witnessed Mr. Drum take off his shirt and strike another individual in the face.  While in custody, Mr. Drum provided a positive breath sample with a BAC of 0.240.  The Petition also alleges that upon his release from custody on August 21, 2017, Mr. Drum failed to report to substance abuse evaluation on August 24, 2017.  Finally, the Petition alleges that Mr. Drum failed to report for sexual offender evaluation on August 16, 2017, and that he was terminated from the program on August 19, 2017, for his continued noncompliance, which included drinking and fighting.  (Doc. 26).  Judge Morris issued a warrant for his arrest based on the allegations in the Petition. (Doc. 27).

**Initial appearance**

Mr. Drum appeared before the undersigned for an initial appearance on September , 2017, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance.  Assistant United States Attorney Jessica Bentley represented the United States.

Mr. Drum said he had read the petition and understood the allegations.  He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Drum admitted to the allegations in the petition for Violations 1, 2, 4, 6, and 7. He neither admitted or denied Violations 3 and 5.  The violations are serious

and warrant revocation of his supervised release.

Mr. Drum's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class E felony. He could be incarcerated for up to twelve months. He could be ordered to remain on supervised release for sixty months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Arvanetes recommend a sentence on the low end of the guidelines, with supervised release to follow to include substance abuse treatment. Mr. Drum exercised his right of allocution and stated that he was struggling because he had several close relatives pass away.  Ms. Bentley recommended a sentence within the guideline range, with supervised release to follow.

### III.  Analysis

Mr. Drum's supervised release should be revoked because he admitted to violating its conditions.  He should be sentenced to sentenced to six months in custody, with fifty-four months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Drum was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and

Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Gary O'Neal Drum violated the conditions of his supervised release by 1) admitting to consuming alcohol on July 5, 2017, 2) consuming alcohol on July 17, 2017, 3) consuming alcohol on August 18, 2017, 4) failing to report for substance abuse evaluation on August 24, 2017, and 5) failing to report for a sex offender evaluation on August 16, 2017.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Drum's supervised release and committing him to the custody of the United States Bureau of Prisons for six months, with fifty-four months of supervised release to follow to include substance abuse treatment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 12th day of September 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge