IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY ONEAL DRUM,<br><br>Defendant. | CR 15-14-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Gary Oneal Drum (Drum) has been accused of violating the conditions of his supervised release. Drum has admitted all of the alleged violations. Drum's supervised release should be revoked. Drum should be placed in custody for 12 months, with no supervised release to follow.

## II. Status

Drum pleaded guilty to Abusive Sexual Contact on March 16, 2015. (Doc. 19). The Court sentenced Drum to 36 months of custody, followed by 5 years of supervised release. (Doc. 23). Drum's current term of supervised release began on

November 15, 2018.  (Doc. 44 at 1).

### Petition

The United States Probation Office filed a Petition requesting that the Court revoke Drum's supervised release on January 23, 2019.  (Doc. 44).  The Petition alleged that Drum had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by failing to report to his probation officer as directed; 3) by failing to report for substance abuse treatment; 4) by failing to report for sex offender treatment; and 5) by failing to report for substance abuse testing.  United States District Brian M. Morris issued a warrant for Drum's arrest on January 23, 2019.  (Doc. 45).

### Initial appearance

Drum appeared before the undersigned for his initial appearance on February 26, 2019.   Drum was represented by counsel.  Drum stated that he had read the petition and that he understood the allegations.  Drum waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on February 26, 2019.  Drum

admitted that he had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by failing to report to his probation officer as directed; 3) by failing to report for substance abuse treatment; 4) by failing to report for sex offender treatment; and 5) by failing to report for substance abuse testing. The violations are serious and warrant revocation of Drum's supervised release.

Drum's violations are Grade C violations. Drum's criminal history category is II. Drum's underlying offense is a Class B felony. Drum could be incarcerated for up to 12 months. He could be ordered to remain on supervised release for up to 48 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.  Analysis

Drum's supervised release should be revoked. Drum should be incarcerated for 12 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Drum that the above sentence would be recommended to Judge Morris. The Court also informed Drum of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Drum that Judge Morris would consider a timely objection before

making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Drum stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before a United States district court judge.

The Court **FINDS:**

>That Gary Oneal Drum violated the conditions of his supervised release by consuming alcohol, by failing to report to his probation officer as directed, by failing to report for substance abuse treatment, by failing to report for sex offender treatment, and by failing to report for substance abuse testing.

The Court **RECOMMENDS:**

>That the District Court revoke Drum's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of 12 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 27th day of February, 2019.

                                                               John Johnston
                                                               United States Magistrate Judge